UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LERISHAVENA WILLIAMS,

        Plaintiff,

     v.

KEVIN ROGERS and LARISA
JOHNSON,

        Defendants.

_____/

CASE NO. 2:12-CV-14396
JUDGE PATRICK J. DUGGAN
MAGISTRATE JUDGE PAUL KOMIVES

## REPORT AND RECOMMENDATION ON DEFENDANT ROGERS'S MOTION FOR SUMMARY JUDGMENT (docket #13)

I.    <u>RECOMMENDATION</u>: The Court should grant defendant's motion for summary judgment.

II.    <u>REPORT</u>:

A.    *Procedural Background*

Plaintiff Lerishavena Williams, a state prisoner, commenced this action on October 4, 2012, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. At the times relevant to this action, plaintiff was incarcerated at the Huron Valley Correctional Facility–Women's Complex in Ypsilanti, Michigan. Named as defendants are Larisa Johnson, another inmate at the facility, and Kevin Rogers, who at the relevant time was a Sergeant at the prison. On October 23, 2012, the Court entered an Order dismissing plaintiff's claim against defendant Johnson. Thus, only plaintiff's claim against defendant Rogers remains before the Court. Plaintiff alleges that on June 5, 2012, while she was in the chow hall, she was attacked by Johnson, who used an unbent paper clip to assault her. Plaintiff alleges that Rogers was responsible for the security staffing in the chow hall, and failed to have an adequate number of guards on duty. She also contends that Rogers witnessed

the assault, but failed to intervene to end it. *See* Compl., at 3.

The matter is currently before the Court on defendant's motion for summary judgment. Defendant argues that plaintiff did not properly exhaust her claim as required by 42 U.S.C. § 1997e(a). He further argues that he is entitled to qualified immunity because plaintiff cannot establish a violation of her constitutional rights. Plaintiff filed a response to this motion, in the form of a letter, on May 6, 2013. For the reasons that follow, the Court should grant defendant's motion for summary judgment.

B.     *Legal Standard*

Under Rule 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the

burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325; *see also*, FED. R. CIV. P. 56(c)(1) (moving party may meet its burden by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e). To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained, "[t]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

C.      *Analysis*

        1.      *Exhaustion*

        Defendant argues that plaintiff has not exhausted her claim by filing a grievance at all levels of the state grievance process. In support, defendant presents the affidavit of Richard D. Russell,

Manager of the MDOC Grievance Section, who details the grievances filed by plaintiff through Step III of the MDOC grievance process.  Plaintiff responds that she has documents that could prove her exhaustion, but cannot currently access her property to obtain these documents.  The Court need not resolve whether plaintiff's assertion is sufficient to defeat plaintiff's exhaustion argument.  The PLRA provides that a court may dismiss a meritless claim on the merits notwithstanding the failure of a prisoner to exhaust her administrative remedies.  *See* 42 U.S.C. § 1997e(c)(2).  Although this provision directly addresses a claim for relief that fails to state a claim on its face, it is equally applicable where the case has already progressed to the summary judgment stage.  This provision is akin to the habeas corpus rule which permits a court to dismiss unexhausted claims on the merits.  Much like the habeas exhaustion requirement, the PLRA exhaustion requirement is designed to promote administrative and judicial efficiency, and to show respect for the states by allowing the states the first opportunity to correct constitutional errors.  *See, e.g.*, *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (per curiam); *Sanders v. Elyea*, No. 96 C 4559, 1998 WL 67615, at *5 (N.D. Ill. Feb. 10, 1998).  And, as the habeas courts have noted, exhaustion of meritless constitutional claims does not promote these interests.  *See Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).  Section § 1997e(c)(2) recognizes this fact, and is equally applicable notwithstanding the fact that this case is now before the Court on a motion for summary judgment.  Accordingly, because as discussed below plaintiff's claims are without merit, the Court should grant summary judgment on the merits rather than resolve the more difficult exhaustion issue.

2.      *Merits*

Although plaintiff does not cite a specific legal basis for her claims against defendant Rogers,

it is clear that plaintiff is asserting a failure to protect claim under the Eighth Amendment.  As explained below, the Court should conclude that defendant is entitled to summary judgment on this claim.[1]

### a. Legal Standard

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. CONST. amend. VIII.  In its purest sense, the Eighth Amendment proscribes cruel and unusual punishment meted out in a penal or disciplinary sense.  In its application by the courts, the amendment actually protects a wide assortment of interests.  It proscribes disproportionate punishments, *Weems v. United States*, 217 U.S. 349, 366-67 (1910), "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86 (1958) (plurality opinion).  *See generally, Parrish v. Johnson*, 800 F.2d 600, 609 (6th Cir. 1986).  The Constitution "does not mandate comfortable prisons."  *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  On the other hand, it does not permit inhumane ones, and it is clear that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also, Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The amendment imposes affirmative duties on prison officials,

---

[1]Defendant argues that he is entitled to qualified immunity.  He does so, however, on the basis that plaintiff cannot establish a constitutional violation.  In conducting a qualified immunity analysis, a court first asks  whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?", and only if this question is answered in the affirmative does the court proceed to consider whether that right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Because defendant's argument relates only to the first question, the Court need not consider other aspects of the qualified immunity analysis.

> who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates."

*Id*. (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

If the offending conduct is not a criminal penalty, then it must reflect an "'unnecessary and wanton infliction of pain'" to come within the Eighth Amendment's prohibition on cruel and unusual punishment. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Such claims must satisfy both an objective and a subjective test. *Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Under this analysis, what constitutes "unnecessary and wanton infliction of pain" will vary depending on the nature of the alleged constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). The plaintiff bears the burden of proving these elements by a preponderance of the evidence. *Brooks*, 39 F.3d at 127-28. The objective prong asks whether the harm inflicted by the conduct is sufficiently serious to warrant Eighth Amendment protection. *McMillian*, 503 U.S. at 8-9; *Rhodes*, 452 U.S. at 349 (1981). To satisfy this prong, the conduct must deprive the plaintiff of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 349. The objective component is contextually driven and is responsive to "'contemporary standards of decency.'" *McMillian*, 503 U.S. at 8 (quoting *Estelle*, 429 U.S. at 103). The subjective prong asks whether the officials acted with a sufficiently culpable state of mind; that is, was the conduct "wanton." *Wilson*, 501 U.S. at 302; *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993). In determining whether an official acted wantonly, the court applies a "deliberate indifference" standard. *Wilson*, 501 U.S. at 302-03; *see Estelle*, 429 U.S. at 104-06. Under this "deliberate indifference" standard,

> a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial

6

> risk of serious harm and disregards that risk by failing to take reasonable measures
> to abate it.

*Farmer*, 511 U.S. at 847.  A prison official is not free to ignore obvious dangers to inmates, and may be liable even if he does not know the exact nature of the harm that may befall a particular inmate. *Id*. at 843-44.  However, prison officials may escape liability if they show that they in fact did not know of the obvious risk to the inmate's health or safety, or knowing of it, they acted reasonably under the circumstances.  *Id*. at 844-45.

As with other Eighth Amendment claims, plaintiff must show that the assault was sufficiently harmful to satisfy the objective prong of the Eighth Amendment test, and that defendant acted with deliberate indifference to satisfy the subjective prong.  *Farmer*, 511 U.S. at 846-47.  Accordingly, to be liable for an assault by an inmate, a prison official must have had: "1) actual knowledge, 2) of a substantial risk, 3) that serious harm would befall [the plaintiff]."  *Rider v. Louw*, 957 F. Supp. 983, 986 (E.D. Mich. 1997) (Cohn, J.); *see also*, *Farmer*, 511 U.S. at 844.  Thus, under *Farmer*, a claim that prison officials should have prevented an inmate assault will be upheld only where the plaintiff shows that the prison officials knew or should have known of the risk of an assault and failed to take reasonable measures to abate that risk.  *See, e.g.*, *Knight v. Gill*, 999 F.2d 1020, 1022 (6th Cir. 1993); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992); *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988).

*b.  Analysis*

Here, plaintiff has failed to establish that defendant acted with deliberate indifference to the risk of her being assaulted.  Plaintiff makes no allegation that defendant knew of any prior altercation between plaintiff and the inmate who assaulted her, nor does she allege that defendant knew or should have known that this prisoner in particular posed a threat to plaintiff for a particular

7

reason.  Rather, plaintiff contends only that there was an insufficient number of officers in the chow hall to prevent the assault.  Even if true, however, the lack of a sufficient number of guards by itself does not establish that defendant Rogers was deliberately indifferent to a specific risk of harm that plaintiff, or any other inmate, would be at particular risk of assault.  At most, plaintiff's claim suggests that defendant Rogers may have been negligent in not adequately staffing the chow hall.  Such negligence, however, even if established, is insufficient to support a finding that defendant acted with deliberate indifference to plaintiff's safety.  *See Stewart v. Love*, 696 F.2d 43, 45 (6th Cir. 1982).  Plaintiff's mere allegations of inadequate staffing, without more, do not establish that defendant Rogers acted with deliberate indifference.  *See McDaniels v. McKinna*, 96 Fed. Appx. 575, 580 (10th Cir. 2004); *Cantrell v. Norris*, No. 5:05CV00157, 2010 WL 3927792, at *5 (E.D. Ark. Oct. 1, 2010), *aff'd*, 433 Fed. Appx. 488 (8th Cir. 2011); *Morgan v. Cabana*, No. 1:07CV1121, 2009 WL 1066294, at *2 (S.D. Miss. Apr. 21, 2009).  As another court has explained, "[p]risons are dangerous places full of dangerous people.  Prisoners *are* dangerous, which is precisely why many are confined in the first place."  *Langston v. Peters*, 93 C 461912, at *6 (N.D. Ill. Aug. 2, 1995), *aff'd*, 100 F.3d 1235 (7th Cir. 1996).  There is no evidence that defendant knew of and disregarded a specific threat of harm facing plaintiff, and thus plaintiff cannot show that defendant was deliberately indifferent to her safety.

Nor can plaintiff show that defendant was deliberately indifferent by failing to intervene. In his affidavit, defendant avers that three other officers responded to the altercation.  Because his supervisory duties required him to supervise his officers and maintain order within the area, he did not intervene in the fight but continued to monitor the south side of the chow hall while observing his officers and giving instructions as needed.  *See* Br. in Supp. of Def.'s Mot., Ex. A, ¶¶ 4-5.

Plaintiff has provided no allegations, much less evidence, to contradict defendant's account of his actions. Defendant's actions, maintaining order in another part of the chow hall while other officers handled the altercation in which plaintiff was involved, does not amount to deliberate indifference. *See Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (defendant guard not deliberately indifferent when he "took other steps to intervene by promptly calling for back-up and monitoring the fight from the secure area until other officers arrived."); *MacKay v. Farnsworth*, 48 F.3d 491, 493 (10th Cir. 1995) (officers who summoned back-up but did not physically intervene in fight between plaintiff and inmate were not deliberately indifferent); *Gonzalez v. Elliott*, No. CV 05-0316, 2007 WL 2786380, at *3, *5 (D. Ariz. Sept. 24, 2007) (granting summary judgment to officer who immediately called a response team upon observing inmate assault, and after a few minutes, other officers broke up the assault). Accordingly, the Court should conclude that defendant Rogers is entitled to summary judgment.

D.    *Conclusion*

In view of the foregoing, the Court should conclude that there is no genuine issue of material fact showing that defendant Rogers was deliberately indifferent to plaintiff's safety. Accordingly, the Court should grant defendant's motion for summary judgment.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which

raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

 

 

 S/Paul J. Komives          
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:  7/15/13