UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LERISHAVENA WILLIAMS,

        Plaintiff,                     Case No. 2:12-cv-14396

v.                                         Honorable Patrick J. Duggan

KEVIN ROGERS and LARISA         Magistrate Judge Paul J. Komives
JOHNSON,

        Defendants.
_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT ROGERS'S MOTION FOR SUMMARY JUDGMENT

On October 4, 2012, Plaintiff Lerishavena Williams, a state prisoner, initiated this *pro se* civil rights action pursuant to 28 U.S.C. § 1983 by filing a complaint with this Court. (ECF No. 1.) At all times relevant to the allegations contained in that complaint, Plaintiff was incarcerated at the Huron Valley Correctional Facility-Women's Complex in Ypsilanti, Michigan. The Court entered an Order dismissing Plaintiff's 28 U.S.C. § 1983 claim against Defendant Larisa Johnson, another inmate at the facility, on October 23, 2012.[1] (ECF No. 6.)

---

[1] Although the Court dismissed Plaintiff's 28 U.S.C. § 1983 claim against Defendant Johnson, the Court noted that Plaintiff arguably stated a valid state law tort claim against Defendant Johnson. However, because independent subject matter jurisdiction over the state law claim was lacking, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims so as to avoid

Kevin Rogers, who at the relevant time was a Sergeant at the facility at which Plaintiff was confined, is thus the only remaining defendant.

Plaintiff alleges that while in the chow hall on June 5, 2012, Johnson attacked her, using a partially unbent paper clip to assault her. According to Plaintiff, Rogers was responsible for assigning security staff to the chow hall on that day but failed to assign an appropriate amount of staff and that this failure placed her in danger of such an attack. Plaintiff further contends that although Rogers witnessed the assault, he failed to intervene. Although Plaintiff's Complaint does not supply a specific legal basis for her claims against Defendant Rogers, it is clear that she asserts a failure to protect claim under the Eighth Amendment.

On April 18, 2013, Defendant Rogers filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, providing two separate bases for dismissing the action: (1) Plaintiff failed to properly exhaust her claim as required by 42 U.S.C. § 1997e(a) and (2) Defendant is entitled to qualified immunity because Plaintiff failed to establish a violation of her constitutional rights. (ECF No. 13.) This Court referred the lawsuit to Magistrate Judge Paul Komives on April 19, 2013, for all pretrial matters proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A)

---

jury confusion. *See* 28 U.S.C. § 1367(c). The Court therefore dismissed Plaintiff's Complaint against Defendant Johnson without prejudice.

and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 14.)  Plaintiff responded to Defendant Rogers's Motion for Summary Judgment, in the form of a letter, on May 6, 2013.  (ECF No. 16.)

On July 15, 2013, Magistrate Judge Komives filed a Report and Recommendation (R&R) recommending that this Court grant Defendant Rogers's Motion for Summary Judgment.  (ECF No. 18.)  The R&R addresses Defendant's exhaustion argument but concludes that "the Court should grant summary judgment on the merits rather than resolve the more difficult exhaustion issue."  (R&R 3-4, ECF No. 18.)  With respect to Plaintiff's Eighth Amendment deliberate indifference claim, Magistrate Judge Komives concludes that Plaintiff failed to provide allegations, much less evidence, that Defendant Rogers was deliberately indifferent to Plaintiff's safety under either a failure to protect or failure to intervene theory.  (*Id.* at 5-9.)  Given the paucity of evidence or argument, Magistrate Judge Komives concludes that there is no genuine issue of material fact showing that Defendant Rogers was deliberately indifferent to Plaintiff's safety and that summary judgment is therefore proper as a matter of law.  (*Id.* at 9.)

At the conclusion of the R&R, Magistrate Judge Komives advises the parties that they may object to and seek review of the R&R within fourteen (14) days of service upon them.  (*Id.*)  He further specifically advises the parties that the

3

"[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id.*)  Neither party filed objections to the R&R.

The Court has carefully reviewed Plaintiff's Complaint, Defendant's Motion, Plaintiff's Response, and the R&R and concurs with the conclusions reached by Magistrate Judge Komives.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Komives's R&R is adopted and Defendant Kevin Rogers's Motion for Summary Judgment is **GRANTED;**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.


Date:  September 12, 2013

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE


Copies to:

**Lerishavena Williams**, #574981
Huron Valley Complex - Womens
3201 Bemis Road
Ypsilanti, MI 48197

**Kevin R. Himebaugh, A.A.G.**
**Magistrate Judge Paul J. Komives**

4